IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| William C. Mitchell, ) | |
| ) | C/A No. 2:07-3259-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Sheriff Al Cannon, Charleston County ) | |
| Sheriff Department; Sheriff Al Cannon, ) | |
| personally; Deputy Stephen C. Gates, ) | **O R D E R** |
| personally; Deputy Chad W. Rood, ) | |
| personally; Timothy Richard Branham, ) | |
| personally; Cypress Recovery, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff William C. Mitchell, appearing pro se, filed this action in the Court of Common Pleas for Charleston County on August 20, 2007, alleging deprivation of his constitutional rights and state law causes of action arising out of the repossession of his vehicle. Defendants Sheriff Cannon, Deputy Stephen Gates, and Deputy Chad Rood removed the case on September 27, 2007.

This matter is before the court on motion to set aside default filed by Defendants Timothy Richard Branham and Cypress Recovery on November 12, 2007 (Entry 20). Plaintiff filed a response in opposition on December 4, 2007.

The court's review of the file indicates that Defendants Branham and Cypress Recovery were served with copies of the summons and complaint by the Berkeley County Sheriff's Department on September 11, 2007. The copies were served on Robert White , co-owner of Cypress Recovery. No

answer being filed, Plaintiff requested entry of default on October 10, 2007. The clerk entered default on November 1, 2007.

Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]" Good cause is shown when the movant acts with reasonable promptness to have the default set aside and alleges a meritorious defense. Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp., 383 F.2d 249, 251 (4th Cir. 1967).

In this case, White, co-owner of Cypress Recovery, avers that he thought the allegations and demand for $10 million were some kind of joke. Affidavit of Robert White, ¶ 8 (Entry 20-2). White avers that he did not understand the importance of the summons and complaint and consequently did not convey to Defendant Branham, who was out of the office hauling campers from approximately the end of August 2007 until October 24, 2007, the seriousness of the documents. Id. ¶¶ 9-11. According to White, he misunderstood the nature of the documents and the need to respond to them. Id. ¶ 11. White states that when Defendant Branham returned to the office on October 24, 2007, he reviewed the documents and immediately contacted his insurance carrier. Id., ¶ 13.

With respect to a meritorious defense, these Defendants contend that they received an assignment from Automoney Title Loans to repossess Plaintiff's vehicle. Defendants Branham and Cypress Recovery assert that they lawfully as agents of Automoney Title Loans were enforcing a Loan Agreement, Promissory Note and Security Agreement entered into between Plaintiff and Automoney Title Loans. Defendant Branham further asserts that he did not attack Plaintiff as alleged, but acted in self defense.

The court concludes that Defendants Branham and Cypress Recovery have demonstrated good cause under Rule 55 to set aside default. Defendants' motion is granted. The case is

recommitted to the Magistrate Judge for further pretrial handling.

      **IT IS SO ORDERED**.

                                                 /s/ Margaret B. Seymour
                                                 United States District Judge

Columbia, South Carolina

January 7, 2008.